**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| ALICIA PSOMAS, | Case No. 26-CV-0323 (DWF/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| OLMSTED COUNTY, MINNESOTA; COLUMBIA COUNTY, WISCONSIN; TIKKI BROWN; SHIREEN GANDHI; DR. BROOKE CUNNINGHAM; KARI JUSTIN; KARI HOHN; LINDSEY GOTTSCHALK; JENNIFER ADAM; CINDY HOAGLAND; SHERRI WEBSTER; SHELLY GLOVER; BRENDA KROENING; ABBY BARONE; and AMY RAUCHWATER, | |
| Defendants. | |

This matter is before the Court on eight motions filed by Plaintiff Alicia Psomas (Dkt. Nos. 8–15). The Court rules on each motion as follows.

**BACKGROUND**

The Court received Ms. Psomas's original Complaint for Violations of Civil and Constitutional Rights (Dkt. No. 1 ("Complaint")) on January 14, 2026. On January 16, 2026, the Court entered an Order identifying two fundamental deficiencies in the Complaint. (*See* Dkt. No. 7 ("January 2026 Order").) First, the original Complaint—173 single-spaced pages with over 640 numbered paragraphs—failed to comply with Federal Rules of Civil Procedure 8(a)(2) and 8(d)(1), which require a "short and plain statement" of the

claims and that each allegation be "simple, concise, and direct." (*See id.* at 2–3.) Second, the Complaint appeared to violate Rule 20's joinder requirements by suing various defendants in two states for unrelated wrongs spanning different times, locations, and subject matters. (*See id.* at 3–4.)

The Court therefore ordered Ms. Psomas to file an amended complaint within 28 days. The Court also denied her applications to proceed *in forma pauperis* ("IFP") without prejudice because they were incomplete. (*See id.* at 1 n.1 (noting that Ms. Psomas appeared to have submitted one relevant document twice); *id.* at 5–6 (discussing decision to deny IFP applications).)

On February 12, 2026, Ms. Psomas filed the eight motions (Dkt. Nos. 8–15) addressed below.[1]

## DKT. NO. 8

Dkt. No. 8 is Ms. Psomas's Motion for Temporary Restraining Order and Injunctive Relief ("TRO Motion"). The TRO Motion asks the Court to issue a temporary restraining

---

[1] Before turning to the motions, one preliminary observation. Ms. Psomas appears to be using artificial-intelligence software to draft her filings without adequately reviewing them before submission. Several filings contain bracketed placeholder text plainly meant to be replaced before filing. (*See, e.g.*, Dkt. No. 12 at 2, 4 (referring to "Plaintiff, [Your Name]"; requesting "an extension of [e.g., 30] days"; and proposing a deadline of "[new proposed deadline]"; see also, e.g., Dkt. No. 11 at 5 ("I, [Your Name], declare under penalty of perjury[.]"); Dkt. No. 10 at 1 (referring to "[Defendants]").) A litigant who uses AI-generated text bears full responsibility for her filings' content, just as if she had written them herself. Submitting documents with obvious placeholder text suggests that Ms. Psomas is not reviewing her filings with the care this Court and the judicial process require. Ms. Psomas is strongly cautioned to carefully review any future filing before submitting it, regardless of how she prepared it.

2

order ("TRO") and preliminary injunction against Defendants Abby Barone and the Rochester Police Department, prohibiting them from "[c]onducting pretextual or retaliatory stops" of Ms. Psomas, "[i]nitiating law-enforcement contact" with Ms. Psomas "absent reasonable suspicion or probable cause," "[u]sing false . . . reports to justify investigations or enforcement actions" against Ms. Psomas, and "[r]etaliating against [Ms. Psomas]" for pursuing this litigation. (*Id.* at 7–8.)

The Court defers consideration of this motion. As the January 2026 Order explained, this action's operative pleading is not yet final. The Court has ordered Ms. Psomas to file an amended complaint complying with Rules 8 and 20, and the time to do so (as extended by this Order below) has not yet expired. Until the Court knows which claims and defendants will remain in this action, it cannot evaluate whether Ms. Psomas has shown a likelihood of success on the merits or satisfied the other requirements for emergency injunctive relief. *See, e.g.*, *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113–14 (8th Cir. 1981) (en banc) (discussing standards for granting preliminary injunction); *see also, e.g.*, *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 665 (8th Cir. 2022) (noting that "standard for analyzing a motion for a temporary restraining order is the same as a motion for a preliminary injunction"). The Court will address Dkt. No. 8 after the content of Ms. Psomas's operative pleading is settled.

### DKT. NO. 9

Ms. Psomas's "Motion for Protective Order and Hardship Relief Regarding Financial Records" asks the Court to enter a protective order restricting the "disclosure and use" of her financial records. (Dkt. No. 9 at 1–2 ("Protective-Order Motion").) She asks that any

financial information she submits be "[d]esignated as [c]onfidential," filed only in redacted form on the public docket, disclosed only to the Court and counsel of record, and not used for any nonlitigation purpose. (*Id.* at 7.) Ms. Psomas cites her financial vulnerability, the presence of minor children, and an alleged risk of retaliation by Defendants as reasons for this relief. (*See id.* at 6–7.)

Federal Rule of Civil Procedure 26(c) authorizes a court, for good cause, to issue a protective order "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden." Fed. R. Civ. P. 26(c)(1). The movant must demonstrate good cause, with "more than stereotypical and conclusory statements." *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 925 (8th Cir. 1999) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)); *see also, e.g.*, *Toyota Motor Sales, U.S.A., Inc. v. Allen Interchange LLC*, No. 22-CV-1681 (KMM/JFD), 2025 WL 1006051, at *3 (D. Minn. Feb. 11, 2025) (quoting *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 237 (D. Minn. 2013)), *aff'd*, 2025 WL 1520310 (D. Minn. May 28, 2025).

At the same time, the law recognizes a strong presumption that judicial records will be public, including documents filed with the Court. *See, e.g.*, *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013); *Vectair Sys. Inc. v. Fresh Prods., Inc.*, No. 24-CV-1454 (JMB/ECW), 2026 WL 700373, at *2 (D. Minn. Mar. 12, 2026) (quoting *Marden's Ark, Inc. v. UnitedHealth Grp., Inc.*, 534 F. Supp. 3d 1038, 1044 (D. Minn. 2021)). This presumption serves the public interest in monitoring the judiciary and promotes confidence in judicial administration. Again, a party seeking to restrict public access must overcome it with specific, compelling reasons—not conclusory assertions of potential harm.

4

Ms. Psomas has not carried her burden. The Protective-Order Motion rests on general claims that Defendants have "demonstrated bad faith," and that public disclosure of her financial records would expose her to "retaliation" and "stigmatization." (Protective-Order Mot. 3–5.) But she offers no specific evidence of concrete injury from the public filing of an IFP application. Broad allegations of possible harm, without specific factual support, cannot overcome the presumption of public access.

Moreover, the Protective-Order Motion primarily concerns financial information Ms. Psomas would submit with a renewed IFP application. But most IFP applications in this District are filed on the public docket without confidentiality restrictions. This reflects that the basic financial information an IFP application requires (income, expenses, assets, and liabilities) is not the type of sensitive information (e.g., trade secrets or national-security material) that usually justifies bypassing the public-access presumption. A blanket order shielding from public view the very information the Court needs to assess IFP eligibility is neither appropriate nor supported by the record. The Court therefore denies the Protective-Order Motion.

### DKT. NO. 10

Dkt. No. 10 is titled "Motion for Pro Se Leniency ADA Accomodations, and Protective Procedural Relief." (Dkt. No. 10 at 1 ("*Pro Se* Motion").) Ms. Psomas asks the Court to enter a sweeping order providing: (a) general *pro se* "leniency in construing filings and meeting technical requirements"; (b) "assistance from the Court's ADA Coordinator"; (c) permission to file documents electronically; (d) permission to appear remotely at hearings "when possible"; (e) reasonable extensions of deadlines "when needed"; (f)

"permission to use a computer or similar assistive tools . . . during court proceedings"; and (g) any other "accommodations" or "adjustments" the Court deems appropriate. (*Id.* at 5–7.)

The Court recognizes that *pro se* pleadings must be construed liberally and held to less stringent standards than pleadings drafted by lawyers. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Rivera v. Bank of Am., N.A.*, 993 F.3d 1046, 1049 (8th Cir. 2021) (quoting *Erickson*). This principle applies in all *pro se* cases; no order on the point is needed. To be clear, however: liberal construction does not exempt a *pro se* litigant from complying with the Federal Rules of Civil Procedure or the Court's orders. *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) (citing *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (per curiam)); *Perkins v. City of Minneapolis*, No. 23-CV-3810 (LMP/ECW), 2025 WL 1508151, at *4 (D. Minn. May 28, 2025) (quoting *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856–57 (8th Cir. 1996)).

As for the specific accommodations requested, the *Pro Se* Motion is too broad and premature to grant as presented. Many of the items Ms. Psomas seeks (e.g., e-filing access, remote appearances, and use of assistive technology) are matters this Court addresses on an individualized basis as cases proceed. Rather than enter an omnibus order at this early stage, the Court denies the motion without prejudice to Ms. Psomas raising specific, concrete requests as the need arises.

## DKT. NO. 11

Dkt. No. 11 is a "Motion for Extension of Time to File In Forma Pauperis Affidavit." (Dkt. No. 11 at 1 ("IFP-Extension Motion").) Ms. Psomas asks for additional time to file a complete IFP affidavit. She states that her bank, Minnwest, has indicated "it will take several months to review and compile [her] financial records," and that she recently received unspecified "tax information from employers" that she is still reviewing. (*Id.* at 3.)

The Court grants this motion in part. Ms. Psomas will have 30 days from this Order's date to either file a completed IFP application or pay this action's filing fee. More time appears unnecessary: it is hard to see why Ms. Psomas would need extensive bank records or tax information to complete the District's template IFP application (which was previously sent to her). (*See* Jan. 2026 Order 6–7.) That form asks for straightforward information about an applicant's current income, monthly expenses, assets, and liabilities—information one should generally be able to provide from personal knowledge, without waiting months for bank compilations. Ms. Psomas is encouraged to complete and submit the template IFP application based on the information reasonably available to her.

## DKT. NO. 12

Dkt. No. 12 asks the Court for a 30-day extension to file an amended complaint. (*Cf.* Jan. 2026 Order 7 (giving Ms. Psomas 28 days from that Order's date).) Ms. Psomas states she needs additional time to review the Court's instructions, organize her claims, and ensure the amended complaint presents her case clearly and concisely. (*See* Dkt. No. 12 at 3–4.)

The Court grants this motion. Ms. Psomas shall have 30 days from this Order's date to file an amended complaint complying with the January 2026 Order. This deadline replaces the original 28-day deadline.

### DKT. NO. 13

Dkt. No. 13 is titled "Motion for Clarification and Extension of Time to File Amended Complaint." (Dkt. No. 13 at 1 ("Clarification Motion").) This motion asks the Court to (1) clarify what Rule 8 requires for Ms. Psomas's amended complaint, including "examples or guidance" about the level of detail expected and how to organize facts and claims, and (2) give her an additional 30–45 days to file the amended complaint after receiving that guidance. (*Id.* at 3–5.) As a threshold matter, to the extent the Clarification Motion seeks additional time to file the amended complaint, the Court denies it as moot in light of the Court's decision on Dkt. No. 12 above.

This leaves the broader request for "clarification or guidance." The January 2026 Order already provided clear guidance on this subject. It explained that the amended complaint must "satisfy Rule 8 by being direct and comprehensible," must "not contain lengthy generalized narrative or legal argument," and should instead "set forth the facts in numbered paragraphs, in chronological and thematic order, describing what each defendant specifically did (or failed to do) that allegedly violated Ms. Psomas's rights." (Jan. 2026 Order 5.) The Order further advised that "[e]ach Defendant is only liable for their own actions, so Ms. Psomas should tie each factual allegation to specific defendants wherever she can." (*Id.*) The Court also imposed a 20-page (single-spaced) or 40-page (double-spaced) limit and explained the joinder requirements of Rule 20. (*Id.* at 3–5.)

This guidance is clear and specific. The Court's role is not to serve as an advocate for any party or to draft a party's pleadings, even when a party proceeds *pro se*. The Court therefore denies this aspect of the Clarification Motion.

### DKT. NO. 14

Dkt. No. 14 asks the Court to appoint Ms. Psomas pro bono counsel under 28 U.S.C. § 1915(e)(1) (or, alternatively, to refer the case to the Court's "pro bono panel"). (*See* Dkt. No. 14 at 1, 6 ("Counsel Motion").)

There is no constitutional or statutory right to appointed counsel in a civil case. *See, e.g.*, *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citing *Edgington v. Mo. Dep't of Corrs.*, 52 F.3d 777, 780 (8th Cir. 1995)); *Franklin v. Bolin*, No. 25-CV-4330 (KMM/DJF), 2026 WL 498792, at *1 (D. Minn. Feb. 23, 2026) (citing *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013)). Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel," but this provision grants the Court power to ask for volunteer lawyers, not to command that a lawyer represent a particular person in a particular case. *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 301–10 (1989). Factors to consider include: "(1) the factual complexity of the issues; (2) the ability of the indigent person to investigate the facts; (3) the existence of conflicting testimony; (4) the ability [of the] indigent person to present the claims; and (5) the complexity of the legal arguments." *Crozier v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020) (citing cases).

As a threshold matter, Ms. Psomas's request is premature. The operative pleading has not yet been finalized. Until the Court can evaluate the claims actually asserted in a

pleading that complies with Rule 8, it cannot determine whether those claims present the kind of complexity supporting appointment of counsel. Nor has the case progressed to a stage (e.g., discovery, depositions, or trial) that would particularly exacerbate a *pro se* litigant's procedural difficulties. Moreover, Ms. Psomas's filings to date—while in need of the improvements this Court has directed—show she can articulate factual allegations and legal theories. She has filed a detailed (if overlong) complaint and eight separate motions, each coherent.

Under these circumstances, and at this early stage, the Court does not find that the interests of justice require appointing counsel. For similar reasons, the Court will not refer Ms. Psomas to the Pro Se Project. The denial is without prejudice, and Ms. Psomas may renew her request at a later stage if circumstances change (e.g., after the claims in this action are defined and the case progresses toward discovery or dispositive motions).

**DKT. NO. 15**

Finally, at Dkt. No. 15, Ms. Psomas asks for leave to file a First Amended Complaint adding the Rochester Police Department as a defendant. (*See* Dkt. No. 15 at 2.) She filed a proposed amended complaint as an attachment. (*See* Dkt. No. 15-1.)

The Court denies Dkt. No. 15 as moot. As discussed above, the Court is granting Ms. Psomas 30 days to file an amended complaint in response to the January 2026 Order. That amended complaint will supersede the original Complaint in its entirety. If Ms.

10

Psomas wants to name the Rochester Police Department as a defendant, she may do so in the amended complaint. No separate motion for leave to amend is needed at this time.[2]

## ORDER

For the reasons above, and based on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Plaintiff Alicia Psomas's filing at Dkt. No. 8 is **DEFERRED** for further review after finalization of this action's operative complaint.

2. Dkt. Nos. 9, 10, and 14 are **DENIED**.

3. Dkt. No. 11 is **GRANTED** to the extent that the Court will grant Ms. Psomas 30 days from this Order's date to either (a) file a completed application to proceed *in forma pauperis* or (b) pay this action's filing fee. It is otherwise **DENIED**.

4. Dkt. No. 12 is **GRANTED** to the extent that the Court will grant Ms. Psomas 30 days from this Order's date to file an amended complaint that complies with the requirements of this Court's Order at Dkt. No. 7.

5. Dkt. No. 13 is **DENIED AS MOOT** as to its request for an extension for Ms. Psomas to file an amended complaint, and otherwise **DENIED**.

6. Dkt. No. 14 is **DENIED WITHOUT PREJUDICE**.

7. Dkt. No. 15 is **DENIED AS MOOT**.

---

[2] The Court notes that the proposed amended complaint at Dkt. No. 15-1 does not appear to comply with the January 2026 Order. Among other things, it remains sprawling and disorganized, lists dozens of causes of action against each Defendant without tying specific factual allegations to specific claims, and includes lengthy narrative and legal argument rather than the "short and plain" statement required by Rule 8. Ms. Psomas is strongly encouraged to carefully review the January 2026 Order before preparing her amended complaint.

12

Date: April 1, 2026

*s/ John F. Docherty*

JOHN F. DOCHERTY
United States Magistrate Judge